**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| JONATHAN D. KING, | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| THE CITY OF FISHERS, TROY FETTINGER, | )   No. 1:18-cv-03524-SEB-MPB |
| KYLE McFERRAN, ERIC FREEMAN, | ) |
| EDWARD GEBHART and MITCHELL S. | ) |
| THOPMSON, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR
SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

COMES NOW Defendants, City of Fishers, Troy Fettinger, Kyle McFerran, Eric Freeman, Edward Gebhart and Mitchell S. Thompson ("Defendants"), and hereby move this Court for entry of an Order of sanctions against Plaintiff, Jonathan King, pursuant to Fed. R. Civ. P. 11(b) and in support thereof, state as follows:

**I.     INTRODUCTION**

Litigation is not a game. The federal courts are not a vehicle for litigants, whether pro se or represented, to harass others by filing frivolous pleadings which are nonsensical and wholly lack any conceivable merit under the existing facts or law. On February 3, 2020, this Court entered an order which ruled on multiple pending motions filed by Plaintiff and Defendants. *(ECF No. 72).* Since the entry of that Order, Plaintiff has filed multiple pleadings which seem to be additional responses to Defendants' Motion for Summary Judgment. *(ECF Nos. 47, 48, 67).* Because of King's numerous, meritless filings, Defendants have now been forced to respond multiple motions and responses – spending countless hours and spending legal fees and expenses

1

and wasting valuable resources in the process. Rule 11 sanctions in this matter are appropriate to deter the filing of future abusive pleadings that are contemplated by Plaintiff.

## II.     RELEVANT PROCEDURAL HISTORY

This case began when Plaintiff filed a 260 paragraph, 75 page Complaint on November 13, 2018. *(ECF No. 1-1).* After Defendants filed a Motion to Dismiss, Plaintiff filed a Second Amended Complaint which pared down the original Complaint to a mere 75 pages, containing 236 paragraphs. *(ECF No. 26-1).* On October 30, 2019, Defendants filed their Motion for Summary Judgment and Brief in Support of said motion. *(ECF Nos. 47, 48).* In response to Defendant's Motion for Summary Judgment, Plaintiff filed a Response on December 2, 2019. *(ECF No. 58).* On January 3, 2020, Defendants filed their Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment *(ECF No. 67.)* On January 10, 2010, Plaintiff filed a surreply to Defendants' Motion for Summary Judgment. *(ECF No. 69.)*

Since that time, Plaintiff has filed two (2) additional pleadings which have the appearance of being additional responses to Defendants' Motion for Summary Judgment. On February 3, 2020, Plaintiff filed a 35 page motion titled "Motion to Strike, amend, and/or otherwise remedial disclosure orders regarding ECF 66 & 67 as to remedy deceptive misrepresentations therein inclusive of violations of FRCP 11(b)." *(ECF No. 74).* Attached to ECF. No. 74 are four Exhibits. Two Exhibits are additional "affidavits" filed by Jonathan King and Christopher King *(ECF Nos. 74-1 and 74-2).* A third exhibit is titled, "Mark Up of Defendants' Reply to ECF 67 To Illustrate Deception and FRCP 11(b) Violations *(ECF No. 74-3).* Lastly, a fourth exhibit is titled, "Mark Up of Statement of Material Facts in Dispute Clearly Distinctive from Argumentative Discourse." *(ECF No. 74-4).* Though marked as exhibits, these documents are nothing more than additional

pleadings filed by Plaintiff containing arguments in response to Defendants' Motion for Summary Judgment.

Plaintiff, not believing that he's filed an adequate number of responses to Defendants' Motion for Summary Judgment, filed another pleading on February 18, 2010. This pleading is succinctly labeled as follows:

> "Plaintiffs Motion to Inform the Court and Defendants of the Following FRCP 11- Related Issues: | Inform Court of Upcoming FRCP 11(c) Motion with Sanctions Against the Defendants Regarding ECF 67 and Said Motion's Timing and the Date March 24, 2020 | AND Inform Court and Defendants that ECF 48 Must Not Rely on False Factual Contentions or Unwarranted/ Frivolous Legal Contentions Applying Similar Reasoning as Disclosed for ECF 67 I AND Informing the Court of Context of Defendants' Attorney's Underlying Deception & Frivolity | AND Informing the Court by Differentiating Remediation Strategies for Violation of FRCP 11(b) | AND Informing the Court of Ramifications of Defendants' Potential Refusal to Disclose in Response to Either the Remedial Disclosure Approach Without Sanctions in ECF 74 or the FRCP 11(c) Approach with Sanctions Also Being Initiated. *(ECF No. 75)*

Like the previous pleadings filed by Plaintiff, the most recent filing also attacks Defendant's Motion for Summary Judgment. But what is more ludicrous than the pleading itself, is that Plaintiff included a "notice date of March 24, 2020" wherein Plaintiff threatens the Court that if it does not rule in his favor and "take away Defendants' improper distractions", Plaintiff will file yet another FRCP 11(b) Motion for Sanctions against the Defendants. (*See ECF No. 75).* So, not only has Plaintiff filed another frivolous pleading, he also threatens to file an additional frivolous pleading if he does not get his way. This harassment from Plaintiff needs to be addressed by this Court and put an end, otherwise, it will continue unabated.

### III.   APPLICABLE LAW AND ARGUMENT

Rule 11 of the Federal Rules of Civil Procedure provides that where an attorney or a party files pleadings that are not reasonably based on the law or in fact, or are meant to harass, sanctions are appropriate for expenses incurred, including attorney's fees. The Seventh Circuit has adopted a

two-step analysis to be used in evaluating the propriety of imposing sanctions under Rule 11.  *See Brown v. Federation of State Medical Bds. of the United States,* 830 F.2d 1429 (7th Cir. 1987). In *Brown,* the court recommended that the district courts (1) specify their reasons for finding that a party's conduct is sanctionalble and (2) fashion a sanction which appropriately serves the purposes underlying Rule 11, including details as to how monetary sanctions are computed. *See* Pfeifer *v. Valukas*, 117 F.R.D. 420, 422-23 (N.D. Ill. 1987).

Rule 11 provides two grounds for sanctions. The first ground concerns frivolous litigation. *Brown,* 830 F.2d 1429.  For purposes of Rule 11, litigation is deemed "frivolous" where a party or his attorney fails to make a reasonable inquiry into the facts or the law. *Id.* Failure to make either inquiry gives rise to a violation of Rule 11 under the "frivolousness" clause. *Id.*  The second ground, generally coined the "improper purpose clause," encompasses litigation brought for purposes of harassment or delay. *See Zaldivar v. City of Los Angeles,* 780 F.2d 823, 831-32 (9th Cir. 1986).  One of the hallmarks of litigation instituted for an "improper purpose" is the repeated pursuit of implausible claims. *Id.* at 832.  Imposing sanctions on either of these grounds requires an objective determination of whether a party's conduct was reasonable under the circumstances. *See Dreis & Krump Mfg. v. International Ass'n. of Machinists,* 802 F.2d 247, 255 (7th Cir. 1986).

Here, this Court can easily find, under any objective standards, that Plaintiff has violated both clauses of Rule 11 when he filed *ECF Nos. 74 and 75*.  First, plaintiff's pleadings, filed subsequent to this Court's order on February 3, 2020, can easily be characterized as "frivolous." It is obvious, on their face, that the pleadings are nothing more than a reiteration of previously filed responses to Defendants' Motion for Summary Judgment.  Additionally, both pleadings make very little sense and fail to set forth any meaningful argument.  Plaintiff cites no case law and

4

merely rehashes arguments from previous filings. The frivolous nature of Plaintiff's most recent filings is clearly on display in the document Plaintiff titles "Exhibit s11b-c Mark Up of Defendants' Reply to ECF 67 to Illustrate its Deception and FRCP 11(b) Violations." *(ECF No. 74-4).* In that pleading, Plaintiff merely copies and pastes portions of Defendants' arguments from their Motion for Summary Judgment and then includes his own "comments" as some sort of rebuttal. Clearly these documents are frivolous and add no real value to the instant matter.

Plaintiff's history of filing frivolous pleadings also dictates the conclusion that the most recent filings by Plaintiff were filed for an "improper purpose." As noted above, Plaintiff has persistently attempted to file multiple responses to Defendants' Motion for Summary Judgment. Thus, plaintiff's conduct can only be interpreted as harassment.

While this Court must recognize that plaintiff has proceeded *pro se* from the inception of this litigation. *Pro Se* litigants, however, are not immune from sanctions. *Cheek v. Doe,* 828 F.2d 395, 397 (7th Cir. 1987); *see also Hilgeford v. Peoples Bank,* 776 F.2d 176, 179 (7th Cir. 1985), *cert. denied,* 475 U.S. 1123, 106 S. Ct. 1644, 90 L. Ed. 2d 188 (1986). Plaintiff's *pro se* status does not grant him an unfettered license to wage an endless campaign of harassment against the Defendants or to abuse the judicial process. Nor does it relieve him of the duty to conduct the inquiries required by Rule 11.

Although Rule 11 specifically contemplates sanctions in the form of an award of attorney's fees, the award of fees "is but one of several methods of achieving the various goals of Rule 11." *See Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988). In fact, Rule 11 states that "[t]he sanction may include nonmonetary directives." *See* Rule 11(c)(4). Numerous courts have held that injunctive sanctions are appropriate to regulate the activities of abusive litigants. *See Christensen v. Ward*, 916 F.2d 1485 (10th Cir. 1990); *see also Tripoti v.*

5

*Beamon*, 878 F.2d 351, 353 (10th Cir. 1989); *In re Green*, 669 F.2d 779, 781-85 (D.C. Cir.1981); *Franklin v. Murphy*, 745 F.2d 1221, 1229-36 (9th Cir. 1984); *Ruderer v. United States*, 462 F.2d at 899 n.2 (listing cases); *In re Martin-Trigona*, 737 F.2d 1254, 1264-74 (2d Cir. 1984).

Here, Defendants do not wish for this Court to impose monetary sanctions against the Plaintiff. Quite the contrary, all the Defendants seek from this Court is an Order striking the two most recent pleadings filed Plaintiff and to put an end to non-sensical, vexatious and harassing pleadings Plaintiff intends to file in the future. If ever a case has been made for the Court to enter and order enjoining Plaintiff from filing any further pleadings in response to Defendants' Motion for Summary Judgment, this is definitely one such case.

## IV. CONCLUSION

For the fore going reasons Defendants respectfully request that this Court enter an Order for sanctions against Plaintiff, striking *ECF Nos. 74 and 75*, and further request that this Court enjoin Plaintiff from filing any additional pleadings in response to Defendants' Motion for Summary Judgment, or any other pleadings in which Plaintiff seeks Rule 11 sanctions against the Defendants.

    Respectfully submitted,

By: *s/ David A. Izzo*
David A. Izzo (28196-49)
Selective Staff Counsel of Indiana
900 East 96th Street, Suite 425
Indianapolis, Indiana 46240
Office: (317) 815-4774
Direct: (317) 815-4773
Fax:   (855) 515-8240
Email: david.izzo@selective.com

6

## CERTIFICATE OF SERVICE

      I hereby certify the foregoing was electronically filed on this 18th day of February, 2020, through the Court's CM/ECF system, and the following parties were served via CM/ECF system and/or e-mail on the same date:

Jonathan D. King
jking779898@gmail.com

                                          */s/ David A. Izzo*
                                          David A. Izzo
                                          Selective Staff Counsel of Indiana

Selective Staff Counsel of Indiana
900 East 96th Street, Suite 425
Indianapolis, Indiana 46240
Office: (317) 815-4774
Direct: (317) 815-4773
Fax:    (855) 515-8240
david.izzo@selective.com