UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JONATHAN D. KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03524-SEB-MPB |
| | ) | |
| CITY OF FISHERS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND REPORT AND RECOMMENDATION ON PENDING MOTIONS**

On October 30, 2019, Defendants filed a motion for summary judgment in this matter (Docket No. 47), which became fully briefed in January 2020 and is currently pending. Throughout that briefing and after all parties have filed a slew of motions, mainly motions to strike and motions for sanctions. The court denied or denied as moot nine of these motions on February 3, 2020. (Docket No. 72). Since that date, four more motions have been filed. The court addresses those requests in turn.

**I.** *Plaintiff's Motion to Strike, Amend, and/or otherwise issue remedial disclosure orders regarding ECF 66 67 as to remedy deceptive misrepresentations therein inclusive of violations of FRCP 11(b)* **(Docket No. 74)**

On February 3, 2020, Mr. King, who proceeds *pro se* in this matter, filed the above-captioned motion, in which he requests that the court either strike and/or amend Docket No. 66, Defendants' *Motion to Strike*, and Docket No. 67, Defendants' reply to their Motion for Summary Judgment because they are deceptive and not supported by the evidence. While he cites Federal Rule of Civil Procedure 11 throughout the motion, he makes no sanction request and further clarifies in a later entry that this motion does not seek sanctions. (Docket No. 75 at ECF p. 1).

1

To the extent Mr. King's motion asks for relief as to Defendants' *Motion to Strike* (Docket No. 66), his request is **DENIED as moot** given that the court has already considered that motion and denied it as moot in an earlier entry. (Docket No. 72 at ECF p. 9).

Moreover, as addressed in that prior court entry (*Id.* at ECF p. 7), which was filed on the same day Mr. King filed this motion, Federal Rule of Civil Procedure 12(f) permits the court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But, pursuant to the plain language of Rule 12(f), it may only be used to attack a pleading and courts "have consistently declined to construe the term 'pleading' to apply to motions and memoranda." (Docket No. 72 at ECF p. 7 (quoting *Renguette v. Bd. of School Trustees ex rel. Brownsburg Cmty. Sch. Corp.*, No. 1:05-cv-1548-SEB-JMS, 2007 WL 1536841, at *5 (S.D. Ind. May 23, 2007) (collecting cases))). The documents Mr. King seeks to strike are either a motion (Docket No. 66) or a brief/memoranda (Docket No. 67). Neither are pleadings. The previous entry also reiterated that "the [c]ourt does not amend party filings once they become part of the docket." (Docket No. 72 at ECF p. 7).

Finally, to the extent Mr. King's motion seeks to re-argue admissibility issues raised in Defendants' Reply in Support of Motion for Summary Judgment, Local Rule 56-1 provides that these issues should not be raised via collateral motions, but instead within the summary judgment briefing. S.D. Ind. Local Rule 56-1(i). The local rule further provides a mechanism to respond to admissibility issues raised in a movant's reply brief, namely it permits for a surreply. S.D. Ind. Local Rule 56-1(d). The court notes Mr. King filed a surreply. (Docket No. 69).

For these reasons, to the extent Mr. King seeks relief as to Defendant's Motion to Strike (Docket No. 66), that request is **DENIED as moot** and as to Defendant's Reply in Support of Motion for Summary Judgment (Docket No. 67), that request is **DENIED**.

## II.     Parties' *Motions for Sanctions* Pursuant to Fed. R. Civ. P. 11 (Docket No. 76; Docket No. 77)

The Honorable Sarah Evans Barker has assigned this matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation on (1) Defendants' *Motion for Sanctions Pursuant to Fed. R. Civ. P. 11* (Docket No. 76) and (2) Mr. King's *Motion for Sanctions Contingent on (Defendant) Failure to Correct Docket No. 76, 48, 66, 67 (¶¶ 83-84) and Related Non-Sanctions Investigative Actions ¶¶ 82-82h*) (Docket No. 77).

Neither motion requests monetary sanctions. Defendants' seek that the court strike Docket Nos. 74 and 75 and enjoin Mr. King from filing any additional *pleadings* in response to Defendants' *Motion for Summary Judgment*, or any other *pleadings* in which Mr. King seeks Rule 11 sanctions.[1] (Docket No. 76). It is difficult to discern the exact relief Mr. King seeks in his motion. (Docket No. 78). In part, it acts as a response brief to Docket No. 76 and in part it reiterates the relief it seeks in Docket No. 74, addressed above, but seeks sanctions if the relief Docket No. 74 seeks is not provided. Nonetheless, the court need not discern the exact sanctions Mr. King seeks. Neither motion for sanctions follows the required procedure set forth in Federal Rule of Civil Procedure 11 or this court's local rules and thus the undersigned **RECOMMENDS** that both requests be **DENIED**.

Rule 11 provides that when a person, including a party or counsel, signs a filing presented to the court, that individual certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstance. . ." that the filing:

---

[1] Despite the court's discussion distinguishing pleadings from motions, memoranda, or other filings, in its February 3, 2020 entry (Docket No. 72 at ECF p. 7), the Defendants continue to identify non-pleading filings, such as motions or notices, as pleadings. It is incorrect to identify these filings as pleadings. The distinction matters.

3

> (1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
> (3) the . . . factual contentions have evidentiary support. . .

Fed. R. Civ. P. 11(b). Rule 11(c) empowers the district court to impose sanctions if, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated. Fed. R. Civ. P. 11(c)(1). If there are grounds for sanctions, the court has a duty to sanction the opposing party (or its counsel). *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). Rule 11 expressly allows the imposition of either monetary sanctions or non-monetary sanctions, or both. *See Fries v. Helsper*, 146 F.3d 452, 459 n. 6 (7th Cir. 1998). The fine should aim to deter repetition of the inappropriate conduct.

However, before filing such a motion, parties must comply with Federal Rule of Civil Procedure 11(c)(2) and S.D. Ind. Local Rule 7-1(g). Rule 11(c)(2) sets forth the following procedural requirements for a party's motion for sanctions:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). Moreover, S.D. Ind. Local Rule 7-1(g)(1)–(2) sets forth reasonable efforts parties must take to resolve a dispute prior to filing a motion:

> (1) ***Reasonable Efforts to Resolve Dispute.*** The court may not grant the following motions unless the movant's attorney files with the

4

> motion a statement showing that the attorney made reasonable efforts to confer with opposing counsel and resolve the matters raised in the motion:
>
> > (A) motion for attorney's fees (other than post-judgment)
> > (B) motion for sanctions under Fed. R. Civ. P. 11
> > (C) motion to disqualify an attorney (other than one brought by a *pro se* party).
>
> (2) ***Statement Regarding Efforts.*** The statement required by subdivision (g)(1) must include:
>
> > (A) the date, time, and place of all conferences; and
> > (B) the names of all conference participants.

S.D. Ind. Local Rule 7-1(g)(1)–(2). In explaining the purpose of adding the warning-shot/safe-harbor procedure in Rule 11(c)(2), the Advisory Committee provided:

> . . . These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position *or to acknowledge candidly that it does not currently have evidence to support a specified allegation*. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment (emphasis added). In other words, the purpose of the warning-shot requirement was to avoid the lose-lose scenario where, without warning, one party filed a motion for sanctions and the accused party was put in the untenable position of either defending his previous questionable filing or conceding the filing and risking that being viewed as evidence of a violation of Rule 11.

Here, neither motion has complied with Fed. R. Civ. P. 11(c) or S.D. Ind. Local Rule 7-1(g)(1)–(2). Mr. King concedes his failure in his motion. (Docket No. 77 at ECF p. 31). There is no exception for compliance with these rules. For these reasons, the undersigned

5

**RECOMMENDS** the court **DENY** both motions for sanctions. (Docket No. 76; Docket No. 77).

### III.   Defendants' *Motion to Set Status Conference* (Docket No. 79)

Defendants "request a hearing to seek guidance on how to respond to the multiple pleadings filed by Plaintiff, several of which contain *ad hominem* attacks against the attorney for the Defendants." (Docket No. 79 at ECF p. 2). The court **DENIES as moot** Defendants' request given the motions Defendants reference have been denied.

### IV.   Conclusion

In sum, the court **RECOMMENDS** Defendants' *Motion for Sanctions* (Docket No. 76) and Mr. King's *Motion for Sanctions* (Docket No. 77) be **DENIED**.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

**SO RECOMMENDED.**

And, in sum, the court ORDERS Docket No. 74 is **DENIED as moot** as it refers to Docket No. 66 and is **DENIED** as it refers to Docket No. 67. Docket No. 79 is **DENIED as moot**.

**SO ORDERED.**

Dated: 6/11/2020

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Distribution:

JONATHAN D. KING
9898 River Oak LN W Fishers, IN 46038

Service made electronically to all ECF-registered counsel of record.