UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JONATHAN D. KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03524-SEB-MPB |
| | ) | |
| CITY OF FISHERS, | ) | |
| TROY FETTINGER, | ) | |
| KYLE MCFERRAN, | ) | |
| ERIC FREEMAN, | ) | |
| EDWARD GEBHART, | ) | |
| MITCHELL S. THOMPSON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on Plaintiff's Objections to the Magistrate

Judge's Order and Report and Recommendation [Dkt. 83] as well as Plaintiff's Motion for

Court's Assistance [Dkt 84]. For the reasons set forth herein, Plaintiff's objections are

**OVERRULED** and the Magistrate Judge's Report and Recommendation is **ADOPTED.**

Plaintiff's Motion for Court Assistance is **DENIED**.

### Discussion

**I.      The Magistrate Judge's Order and Report and Recommendation**

Plaintiff *pro se* initiated this lawsuit on November 13, 2018, alleging that the City

of Fishers, Indiana and several of its police officers committed various Fourth

Amendment violations. Defendants moved for summary judgment on October 30, 2019.

Throughout the briefing period for summary judgment, all parties have filed a slew of

motions, primarily motions to strike and motions for sanctions. The Magistrate Judge has worked diligently to aid in the resolution of these disputes, including ruling on nine non-dispositive motions filed between September 3, 2019, and January 3, 2020. On June 11 2020, the Magistrate Judge issued his Order and Report and Recommendation denying two additional non-dispositive motions and recommending the denial of two motions for sanctions, one filed by each side. Plaintiff has now filed his objections to the Magistrate Judge's June 11, 2020 Order and Report and Recommendation.[1]

Of the Magistrate Judge's findings in his recent entry, Plaintiff primarily objects to the denial of his motion entitled, "Motion to Strike, Amend, and/or otherwise issue remedial disclosure orders regarding ECF 66 67 as to remedy deceptive misrepresentations therein inclusive of violations of FRCP 11(b)" (Plaintiff's "Motion to Strike") in which Plaintiff requests, in relevant part, that the Court strike Defendant's summary judgment reply brief on the grounds that it contains deceptive information that is not supported by the evidence.  The Magistrate Judge denied Plaintiff's motion, explaining that collateral motions are not the appropriate vehicle to address issues of admissibility with respect to evidence or arguments presented at summary judgment. Instead, as our Local Rule 56-1(i), provides such motions are to be raised within the summary judgment briefing.[2] For example, as the Magistrate Judge explained, disputes

---

[1] Defendants have not objected to the Magistrate Judge's recommendation to deny their Motion for Sanctions. Accordingly, we **adopt** this portion of the Report and Recommendation and **deny** Defendants' Motion for Sanctions.

[2] Local Rule 56-1(i)  provides: "The court disfavors collateral motions—such as motions to strike— in the summary judgment process. Any dispute over the admissibility or effect of evidence *must* be raised through an objection within a party's brief." (emphasis added).

over evidence presented in Defendants' reply brief should be raised in a surreply, which

Plaintiff has filed. The Magistrate Judge also reminded Plaintiff that motions to strike

"may only be used to attack pleading[s]" and courts "have consistently declined to

construe the term 'pleading' to apply to motions and memoranda." [Dkt. 82, at 2].[3]

Plaintiff also objects to the Magistrate Judge's recommendations that we deny his

Motion for Sanctions because of his failure to comply with the safe-harbor procedures set

out in Federal Rule of Civil Procedure 11(c) and our local rules.

Before reviewing Plaintiff's objections, we note that Plaintiff's two objections

implicate differing standards of review by the District Court judge. Plaintiff's Motion to

Strike was referred to the Magistrate Judge for a ruling pursuant to Federal Rule of Civil

Procedure 72(a), which permits the Magistrate Judge to issue a written order deciding

non-dispositive issues. Rule 72(a) provides, in pertinent part, that the district court "must

consider timely objections and modify or set aside any part of the order that is clearly

erroneous or is contrary to law."  A finding is clearly erroneous when the reviewing court

is "left with the definite and firm conviction that a mistake has been committed."  *Brown

v. Plata*, 563 U.S. 493, 513 (2011). This is an "extremely deferential standard." *Elder

Care Providers of Indiana, Inc. v. Home Instead, Inc*., No. 1:14-CV-01894-SEB-MJD,

2017 WL 4250107, at *2 (S.D. Ind. Sept. 26, 2017); *see also Pinkston v. Madry*, 440 F.3d

879, 888 (7th Cir. 2006).

In contrast, Plaintiff's Motion for Sanctions was referred to the Magistrate Judge

for a Report and Recommendation. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2).

---

[3] The Magistrate Judge has already informed Plaintiff of this rule on at least one prior occasion.

When a party raises specific objections to any portion of a Magistrate Judge's Report and Recommendation, the district court reviews those portions *de novo*. *Id.* This means that we will not defer to the Magistrate Judge's findings. The district court need not accept any portion of the Report and Recommendation as binding; we may, however, defer to those conclusions in the report and recommendation to which timely objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

Accordingly, Plaintiff's objection to the Magistrate Judge's denial of the Motion to Strike will be sustained and result in the order being set aside only if the Magistrate Judge's decision is clearly erroneous.

Plaintiff insists that the Magistrate Judge improperly interpreted our Local Rule 56-1(i). His objection on this issue, which spans nearly a dozen pages, can be distilled into a single paragraph. In a nutshell, Plaintiff argues that the Magistrate Judge was incorrect in concluding that Local Rule 56-1(i) "prohibits grants of any collateral motion (such as a Rule 11 motion) in summary judgment." He stresses that the Magistrate Judge erred in ruling that Rule 56-1(i) creates an "absolute prohibition on the use of Rule 11." Plaintiff buttresses his argument with a series of disastrous consequences that will befall other litigants as well as himself if the Court routinely refuses to entertain allegations of Rule 11 violations in a collateral motion connected to summary judgment filings.

Plaintiff's concerns are misplaced because he has misinterpreted the Magistrate Judge's Order. The Magistrate Judge made no findings with respect to whether a Rule 11 motion premised on a party's conduct at summary judgment could be filed collaterally to

a summary judgment motion without violating Local Rule 56-1(i). The issue presented to the Magistrate Judge in Plaintiff's Motion to Strike in fact did not involve a Rule 11 motion. Indeed, as the Magistrate Judge stated, "While [Plaintiff] cited Federal Rule of Civil Procedure 11 throughout the motion, he makes no sanction request and further clarifies in a later entry that this motion does not seek sanctions." [Dkt. 82, at 1]. The Magistrate Judge expressly limited his application of Rule 56-1(i) only "to the extent [Plaintiff's] motion seeks to re-argue admissibility issues raised in Defendant's Reply in Support of Motion for Summary Judgment." [*Id.* at 2].

Additionally, Plaintiff is inappropriately attempting to use his Motion to Strike and his objection to the Magistrate Judge's Order as vehicles to attack the validity of the evidence and arguments presented at summary judgment. As previously explained by the Magistrate Judge, such arguments are to be raised in the summary judgment briefing. Accordingly, we hold that the Magistrate Judge's application of Local Rule 56-1(i) was not clearly erroneous. Indeed, it was entirely consistent with the plain language of this rule.

Plaintiff also objects to the Magistrate Judge's conclusion that non-pleadings cannot be stricken, arguing that Federal Rule of Civil Procedure 11(c)(2) allows for documents to be withdrawn. However, as already stated, Plaintiff's Motion to Strike does not seek sanctions; thus the invocation of Rule 11 is irrelevant here. Moreover, Rule 11(c)(2) allows a *party* to withdraw its filing; which is obviously different from the Court striking a particular filing. Again, the Magistrate Judge did not commit clear error when denying the Motion to Strike and we overrule this objection.

We turn next to the Magistrate Judge's recommended denial of Plaintiff's "Motion for Sanctions Contingent on (Defendant) [*sic*] Failure to Correct Dcoket No. 76, 48, 66, 67 and Related Non-Sanctions Investigative Action" ("Motion for Sanctions"). We shall review this recommendation *de novo.* As the Magistrate Judge correctly observed, "It is difficult to discern the exact relief [Plaintiff] seeks in his motion." In relevant part, Plaintiff's motion "reiterates the relief [he] seeks in [his Motion to Strike], addressed above, but seeks sanctions if the relief [the Motion to Strike] seeks is not granted."  The Magistrate Judge concluded that he "need not discern the exact sanctions [Plaintiff] seeks" in light of the fact that the motion did not adhere to the required procedure set forth in Federal Rule of Civil Procedure 11 and this Court's Local Rules. The Magistrate Judge included in his Order an explanation of Rule 11:

> Rule 11 provides that when a person, including a party or counsel, signs a filing presented to the court, that individual certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstance. . ." that the filing:
>
> > (1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
> >
> > (3) the . . . factual contentions have evidentiary support. . .
>
> Fed. R. Civ. P. 11(b). Rule 11(c) empowers the district court to impose sanctions if, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated. Fed. R. Civ. P. 11(c)(1) . . . *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). Rule 11 expressly allows the  imposition of either monetary sanctions or non-monetary sanctions, or both. *See    Fries v. Helsper*, 146 F.3d 452, 459 n. 6 (7th Cir. 1998).

The Magistrate Judge also explained the "warning shot" requirement of both Rule

11(c)(2) and our Local Rule 7-1(g):

Rule 11(c)(2) sets forth the following procedural requirements for a party's motion for sanctions:

A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). Moreover, S.D. Ind. Local Rule 7-1(g)(1)–(2) sets forth reasonable efforts parties must take to resolve a dispute prior to filing a motion:

(1) Reasonable Efforts to Resolve Dispute. The court may not grant the following motions unless the movant's attorney files with the motion a statement showing that the attorney made reasonable efforts to confer with opposing counsel and resolve the matters raised in the motion:
(A) motion for attorney's fees (other than post-judgment)
(B) motion for sanctions under Fed. R. Civ. P. 11
(C) motion to disqualify an attorney (other than one brought by a pro se  party).
[. . . ]

S.D. Ind. Local Rule 7-1(g)(1)[.] In explaining the purpose of adding the warning-shot/safe-harbor procedure in Rule 11(c)(2), the Advisory Committee provided:

. . . These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment (emphasis added). In other words, the purpose of the warning-shot requirement was to avoid

7

the lose-lose scenario where, without warning, one party filed a motion for sanctions and the accused party was put in the untenable position of either defending his previous questionable filing or conceding the filing and risking that being viewed as evidence of a violation of Rule 11.

[Dkt. 82, at 3-5]. "There is no exception for compliance with these rules," stated the Magistrate Judge. Because Plaintiff failed to provide the required warning shot to his adversaries prior to moving for sanctions, the Magistrate Judge recommended denying Plaintiff's Motion for Sanctions.

Plaintiff does not dispute that he did not comply with the warning-shot requirement, nor does he dispute that he is required to do so prior to seeking sanctions against Defendants. Nonetheless, he has objected to the Magistrate Judge's recommendation. He explains that he "was NOT asking for **sanctions** <u>at that time</u>, **but instead the Plaintiff was giving notice and attempting to secure the Court's agreement that Rule 11 may be validly used."** [Dkt. 83, at 4] (emphasis in original). He thus argues that "it is inappropriate for the Court to deny [this motion] on the grounds that Rule 11(c)(2) has not YET been complied with or because Local Rule 7-1(g) has not YET been complied with." [*Id.* at 18] (emphasis in original).

We fully agree with the Magistrate Judge's application of Rule 11(c)(2) and our Local Rule 7-1(g). Plaintiff should refrain from filing a motion for sanctions until he has complied with the procedures set out in these rules and outlined in the Magistrate Judge's June 11, 2020 Report and Recommendation. As correctly explained by the Magistrate

Judge, motions for sanctions filed without such compliance must be denied.[4] To the extent Plaintiff is seeking advice as to applicability of Rule 11, the Court cannot offer any guidance beyond what the Magistrate Judge has already provided regarding the purposes and procedures of Rule 11. The Court is required to abstain from issuing a ruling unless and until there is "a genuine need to resolve a real dispute." *Wisconsin Cent., Ltd. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008). Because Plaintiff has made clear that he is not currently moving for sanctions, there is simply no relief for the Court to grant at this time.

## II.    Plaintiff's Motion for Court's Assistance

On June 30, 2020, five days after he filed his objections to the Magistrate Judge's Order and Report and Recommendation, Plaintiff filed a "Motion for Court's Assistance" in which he reiterates many of his grievances articulated in his objection to the Magistrate Judge's Order and Report and Recommendation. We can and shall disregard these arguments as moot in light of our conclusions above.

Plaintiff also "request[s] permission to serve the Defendants with a Rule 11(c)(2) motion[.]" However, Plaintiff recognizes that "Rule 11(c)(2) does not have a requirement that Court permission be sought before it is used." Nevertheless, in this case, Plaintiff "seeks permission so as to clarify some issues[.]" He then ventures into a discussion of

---

[4] In his Motion for Court's Assistance, discussed below, Plaintiff argues that compliance with these procedure is not required because they "can ALWAYS be fulfilled in the <u>future</u>." [Dkt. 84, at 6] (emphasis included). This argument was not properly raised in his objection to the Magistrate's Report and Recommendation. Moreover, the argument is without merit. These "requirements" are just that: *requirements*. They *must* be fulfilled *prior* to moving for sanctions, otherwise they would be without purpose.

the ways in which he believes Defendants have violated Rule 11 and how he thinks any future violations should be resolved. He requests that the Court authorize his proposed course of actions that will purportedly resolve Defendants' misconduct by tasking Defendants with withdrawing the portions of their summary judgment filings that Plaintiff believes to be inaccurate.[5] Plaintiff reiterates that he is *not* currently requesting sanctions.

As Plaintiff has acknowledged, he need not seek our approval to serve a Rule 11(c)(2) warning motion on his adversaries, and the Court does not take any position as to whether Plaintiff should pursue Rule 11 remedies. As previously stated, the Court will review a Rule 11 dispute only after it is ripe, that is, not until one party files a motion seeking to impose sanctions against the other party for violating Rule 11. We do not offer preliminary opinions as to the merits of alleged Rule 11 violations, nor will we order Defendants' compliance with Plaintiff's requests. We stress again: the Court imposes sanctions (monetary or non-monetary) only if a motion has been properly filed and if the Court determines that sanctions are warranted. This has not yet happened.

Finally, Plaintiff requests that we impose sanctions pursuant to Rule 11(c)(3), which allows the Court, *on its initiative*, to order a party to show cause why specified conduct has not violated Rule 11. (emphasis added). If a party is requesting sanctions,

---

[5] Plaintiff explains that his desire is to correct misrepresentations in Defendant's summary judgment briefing. However, we have already determined that such issues should be discussed in summary judgment briefing. To the extent Plaintiff alleges deception on behalf of Defendants for which he seeks remediation beyond corrected summary judgment filings, his requests must comport with the procedures of our local rules and the Federal Rules of Civil Procedure related to sanctions.

then clearly Rule 11(c)(3) is not applicable. The Court will consider whether to exercise its prerogative under this rule if and when it is necessary to do so, but in no case simply because a party has requested it. As emphasized by the Magistrate Judge, Plaintiff is required to follow the proper procedural steps if he seeks to have the Court consider whether to impose sanctions on Defendants.

For these reasons, Plaintiff's Motion for Court's Assistance is **denied.**

## CONCLUSION

Plaintiff's objections [Dkt. 83] to the Magistrate Judge's Order and Report and Recommendation are **OVERRULED**. The Magistrate Judge's Report and Recommendation [Dkt. 82] is **ADOPTED.** Plaintiff's Motion for Sanctions [Dkt. 77] and Defendant's Motion for Sanctions [Dkt. 76] are **DENIED**. Plaintiff's Motion for Court's Assistance [Dkt. 84] is **DENIED.**

IT IS SO ORDERED.

Date:   8/14/2020

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JONATHAN D. KING
9898 River Oak LN W
Fishers, IN 46038

David A. Izzo
SELECTIVE STAFF COUNSEL OF INDIANA
david.izzo@selective.com

11